**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**WILLIE J. CHANDLER, JR.,**

    **Plaintiff,**

**vs.**                                                   **CASE NO. 1:07CV145-MP/AK**

**CANDITA RIVERA, et al,**

    **Defendants.**

    _____/

**O R D E R**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 against two corrections officers, whom he alleges fabricated a disciplinary report against him, and the classification team who determined from the report that Plaintiff should be placed on close management.  (Doc. 1).

Also before the Court is Plaintiff's Motion to Appoint Counsel (doc. 3) and Motion of Acknowledgment of Court Appointed Counsel, (doc. 10), which is an inquiry into the status of the disposition of the motion to appoint.  Appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of

a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). Here, the claims are not novel or complex, and are in fact not viable. Thus, Plaintiff's motions (docs. 3 and 10) are **DENIED.**

Plaintiff's Motion to Amend the complaint and add a paragraph that the close management caused him emotional trauma (doc. 13), is also **DENIED**.

Federal courts do not sit as review courts for disciplinary proceedings and where, as here, Plaintiff challenges the results of the disciplinary review conducted by the classification team, he may not sue for money damages. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997). A prisoner may proceed on a damage suit challenging prison disciplinary proceedings only if the lawsuit goes neither to the fact of the conviction/disciplinary decision or the duration of the overall confinement. Muhammad v. Close, 540 U.S. 749 (2004). Plaintiff's claims go absolutely to the fact of the disciplinary decision, i.e. officers fabricated the disciplinary report and the classification team believed them and punished him by holding him in close management. Plaintiff has not challenged anything about the procedures involved in the disciplinary proceeding, which might otherwise state a claim. The Eleventh Circuit had interpreted Balisok to allow claims challenging a disciplinary proceeding that were "purely procedural, as in Wolff...." Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003). See also Jenkins v. Haubert, 179 F.3d 19, 27 (2nd Cir. 1999) (damages sought relative to a disciplinary sanction that does not affect length of confinement may be

**No. 1:07cv145-mp/ak**

brought by 1983 suit); <u>Leamer v. Fauver</u>, 288 F.3d 532 (3rd Cir. 2002) (same); <u>DeWalt v. Carter</u>, 224 F.3d 607 (7th Cir. 2000); <u>Brown v. Plaut</u>, 131 F.3d 163 (D.C. Cir. 1997).

From a review of the complaint, Plaintiff is asking this court to review the disciplinary decision and give him damages if we would have reached a different result. This is precisely the type of lawsuit barred by <u>Heck</u> and the other cases cited above. Since the proposed "amendment" would not change this decision and because it is not in compliance with the local and federal rules that require that an amended pleading be filed in its entirety and not by paragraphs, the motion to amend (doc. 13) is denied.

However, Plaintiff may amend his complaint in its entirety if he has facts that would support any of the claims herein mentioned. If he is in fact requesting that this court overrule the disciplinary report or find that it was otherwise wrong and he should be given money because it was wrong, he should consider dismissing this lawsuit since he will be given a strike pursuant to 28 U.S.C. §1915(g) if he persists in a frivolous lawsuit.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than

**No. 1:07cv145-mp/ak**

conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must respond to this order by **January 31, 2008.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**No. 1:07cv145-mp/ak**

4.  Plaintiff's Motions (docs 3, 10 and 13) are **DENIED**.

**DONE AND ORDERED** this  *15th*  day of January, 2008.


        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**No. 1:07cv145-mp/ak**